UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SHANNON RAMOS

    Plaintiff,
v.

CENTRAL CREDIT SERVICES, INC., and
EQUABLE ASCENT FINANCIAL, LLC,

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1332, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant, CENTRAL CREDIT SERVICES, INC., placed telephone calls and sent letters into this District on behalf of Defendant, EQUABLE ASCENT FINANCIAL, LLC.

## PARTIES

3.    Plaintiff, SHANNON RAMOS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CENTRAL CREDIT SERVICES, INC., ("CENTRAL") is a Florida corporation and citizen of the State of Florida with its principal place of business at Suite 500, 9550 Regency Square Blvd, Jacksonville, Florida 32225.

5. Defendant, EQUABLE ASCENT FINANCIAL, LLC, ("EQUABLE") is a limited liability company with its principal place of business at 1120 West Lake Cook Road, Suite B, Buffalo Grove, IL, 60089.

6. Defendant, CENTRAL, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, EQUABLE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, CENTRAL, regularly collects or attempts to collect debts for other parties.

9. Defendant, EQUABLE, is a "debt collector" as defined in the FDCPA.

10. Defendant, CENTRAL, is a "debt collector" as defined in the FDCPA.

11. Defendant, EQUABLE, authorized Defendant, CENTRAL, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

12. Defendant, CENTRAL, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of EQUABLE.

13. Defendant, EQUABLE, conveyed information to Plaintiff regarding the alleged debt through Defendant, CENTRAL'S telephone calls to Plaintiff.

14. By virtue of its status as a debt collector, EQUABLE is vicariously liable to Plaintiff for CENTRAL'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

## FACTUAL ALLEGATIONS

15. CENTRAL sought to collect from Plaintiff an alleged debt which was originally due Chase Bank USA, N.A (WAMU) and which arose from transactions incurred for personal, family or household purposes.

16. Plaintiff had a personal credit card with Chase Bank USA, N.A (WAMU). She was unable to make the payments and the debt went into default. Chase Bank USA, N.A (WAMU) sold or otherwise transferred the debt. Defendant, EQUABLE, purchased or otherwise obtained the alleged debt and was the owner of the alleged debt at the time CENTRAL placed calls to Plaintiff.

17. Defendant, CENTRAL, left the following message on Plaintiff's voice mail on her residential telephone, on or about the date stated:

**December 12, 2011**
Hello. This is an important call for Shannon Ramos. This is not a sales or marketing call. If this is Shannon Ramos, please press 1 now. If this is not Shannon Ramos, please press 2 now. Once again, if this is Shannon Ramos, please press 1 now. If this is not Shannon Ramos, press 2 now.

18.     Defendant, CENTRAL, left similar or identical messages on other occasions. (Collectively, "the telephone messages").

19.     The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

20.     Defendant, CENTRAL, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages and failed to disclose its name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

21.     Plaintiff incorporates Paragraphs 1 through 20.

22.     Defendant, CENTRAL, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

4

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against all Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendant, CENTRAL, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against all Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                Respectfully submitted,

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Fort Lauderdale, Florida 33339
                Telephone: (954) 537-2000
                Facsimile: (954) 566-2235
                donyarbrough@mindspring.com

                s/Donald A. Yarbrough
                Donald A. Yarbrough, Esq.
                Florida Bar No. 0158658